**FILED**
**Jun 28, 2023**
**10:10 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Daniel George Semich, Decedent, ) | Docket No. 2021-06-0997 |
| by Dixie Semich, Surviving Spouse ) | |
| ) | State File No. 33804-2021 |
| v. ) | |
| ) | |
| AT&T Services, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | Heard June 8, 2023 |
| Compensation Claims ) | in Nashville, Tennessee |
| Kenneth M. Switzer, Chief Judge ) | |

---

### Affirmed in Part, Modified in Part, and Remanded

---

In this interlocutory appeal, the employer asks whether the trial court had the authority to order it to provide personal contact information of company employees who are potential witnesses when no motion to compel discovery was pending. The employee suffered fatal injuries in a fall from a ladder, and the employer denied the claim, asserting a defense of willful misconduct. During a deposition, a company supervisor identified five employees who may have information regarding the existence and/or enforcement of the employer's workplace safety rules. The claimant's attorney requested these individuals' contact information, and the employer's attorney indicated he would provide that information voluntarily. After several status conferences, during which the employer's counsel indicated he had not yet provided the requested information, the trial court entered an order compelling the employer to provide the requested information by a date certain. Three days prior to the deadline, the employer filed a motion for relief from the order and provided information needed to facilitate scheduling the depositions of these witnesses through the employer. The claimant's attorney filed a responsive motion, indicating this information was neither responsive to her request nor compliant with the court's order. The court issued a second order requiring the employer to provide the requested contact information "by the close of business" that day. The employer has appealed. Upon careful consideration of the record, we affirm in part and modify in part the trial court's order and remand the case.

Judge Meredith B. Weaver delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

1

Adam Brock-Dagnan and W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, AT&T Services, Inc.

Jill T. Draughon, Nashville, Tennessee, for the appellee, Daniel George Semich by his surviving spouse, Dixie Semich

**Factual and Procedural Background**

Daniel George Semich ("Employee" or "Decedent") was working for AT&T Services, Inc. ("Employer") on April 16, 2021, when he fell off a ladder and suffered a fatal head injury. Employee's surviving spouse, Dixie Semich ("Claimant"), filed a petition for benefit determination in August 2021, resulting in the issuance of a dispute certification notice in July 2022. The parties agree Employee's death occurred in the course and scope of his work, but Employer contends Employee's death was due to his willful misconduct or willful failure to follow a safety rule. The parties engaged in written discovery and proceeded with depositions prior to the initial scheduling hearing in October 2022.

During the deposition of one of Employee's supervisors, Claimant learned the names of five new potential lay witnesses who are employed by Employer. Claimant's counsel requested contact information for these five individuals, and Employer's counsel stated he would voluntarily provide the contact information. Later, during a status hearing, Employer's counsel informed the trial court he would "[forward] the contact information for them as it is received and should have [it] relayed . . . within the next ten days."[1]

At a status hearing on March 13, 2023, Claimant's counsel indicated Employer's counsel was still working to "obtain contact information for coworkers identified as witnesses to the accident." In the status hearing order, the court ordered Employer to "cooperate and provide this information[] on or before March 31, 2023." The court further warned that if Employer did not meet the deadline, it would be "barred from calling them as witnesses at the hearing" and that the "missing witness rule" might apply, citing *State v. Campbell*, No. M2020-01045-CCA-R3-CD, 2022 Tenn. Crim. App. LEXIS 133, at *28 (Tenn. Ct. Crim. App. Mar. 24, 2022).[2] The order further set the next status hearing for April 3, 2023.

Three days before the March 31 deadline, Employer filed what it called "Employer's Motion Seeking Relief from Status Hearing Order," which stated, among other things,

---

[1] The record on this point is unclear, as it does appear Claimant's counsel had the contact information for at least one employee of the company, but it is also possible that the contact information was for an additional lay witness.

[2] The missing witness rule states that "if a party fails to call a particular witness, an inference may be drawn that had the witness testified, the testimony would have been unfavorable to that party." *Id*.

"[s]ince entry of the Status Hearing Order, Employer became aware that its legal department does not require formal service of process when a party seeks the testimony of an AT&T employee. Put differently, Employer waives the requirement of service of process and accepts subpoenas through email correspondence." Furthermore, the motion provided Claimant's counsel with an email address to send subpoenas for the depositions of the "previously identified employees." Claimant responded to the motion, arguing "Employer should comply with [d]iscovery and provide employees['] telephone numbers and addresses . . . ." The response went on to state that Claimant did not intend to depose the witnesses at that time and instead just wanted to "speak with them." As such, Claimant asked that the court deny the motion.

The court proceeded with the previously scheduled status hearing on April 3, 2023, and it elected to consider Employer's motion for relief at the time as well. In its order, issued later that day, the court noted that Claimant is seeking information from Employee's coworkers regarding the willful misconduct defense, clarifying that "these individuals did not witness the accident." It further stated Claimant "merely wants to speak with them" as opposed to deposing them. There is nothing in the order indicating that Employer's counsel objected to providing the information, although Employer did indicate it wanted its own legal counsel to be present when Claimant spoke with these individuals.[3] The court stated Employer "has been generally uncooperative with discovery" and "has not provided information within its control." It determined Employer "did not comply" with its previous order and again ordered Employer to supply "the requested contact information of the coworkers by the close of business today." It further denied Employer's motion for relief. Employer has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). A trial court's decisions regarding pre-trial discovery are reviewed under an abuse-of-discretion standard. *See, e.g., Bellsouth Telecoms. v. Howard*, No. M2019-00788-WC-R3-WC, 2013 Tenn. LEXIS 343, at \*7

---

[3] The record contains an email from Employer's counsel to the clerk of the Court of Workers' Compensation Claims and copied to Claimant's counsel, dated and time-stamped approximately one hour prior to the issuance of the court's written order. In the email, counsel states he is not "at liberty to disclose the requested information" and argues that the court's decision to conduct a hearing and issue an order on a discovery issue was "premature." He requested time to brief numerous issues, including "[t]he ability to disclose the personal information of AT&T employees; [t]he ability [of] Counsel for Employee to have 'informal communications' with AT&T employees when AT&T is represented by legal counsel; [t]he ability to issue a discovery 'dispute' determination when there is no evidence that a discovery dispute exists; [t]he appropriateness of a *sua sponte* motion hearing when the [nature] of the hearing was [identified as] a 'status hearing'; [and] [t]he lack of a basis to order a party to disclose personal information of non-party witnesses when the party does not intend to call the non-party witnesses to trial." This email is not mentioned or discussed in the trial court's order.

(Tenn. Workers' Comp. Panel Apr. 11, 2013). The interpretation and application of statutes and rules are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

## Analysis

The appellant raises several issues on appeal, which we restate as follows: (1) whether the trial court abused its discretion by conducting a discovery hearing during a previously scheduled status hearing; (2) whether a trial court can enter an order compelling discovery when there is no pending motion to compel discovery; (3) whether the order issued by the court was compliant with the regulations applicable to the Court of Workers' Compensation Claims; (4) whether the personal contact information of non-party employees is discoverable information; and (5) whether it would be an abuse of discretion to allow Claimant's counsel to speak with non-managerial employees outside the presence of Employer or Employer's counsel.[4] For her part, Claimant argues in her brief that the appeal is frivolous.

### *Discovery Hearings*

Regarding Employer's first and second issues, Employer argues that it was only aware of the previously scheduled status hearing and was unprepared to participate in a discovery hearing without notice from the court or a pending motion to compel. It is Employer's contention that the trial court abused its discretion by not giving Employer adequate notice of its intent to address discovery issues during the status hearing and failing to require Claimant to file a motion to compel discovery before such a hearing could occur. For the reasons stated below, we conclude this argument is without merit.

Discovery rules are accorded broad and liberal treatment "for mutual knowledge of all relevant facts gathered by both parties." *Johnson v. Nissan, N. Am., Inc.*, 146 S.W.3d 600, 605 (Tenn. Ct. App. 2004). Moreover, it is well settled that trial courts have discretion to control the pace of litigation through their supervision of cases and management of their docket. *See Smith v. The Newman Group, LLC*, No. 2015-08-0075, 2015 TN Wrk. Comp. App. Bd. LEXIS 30, at *9 (Tenn. Workers' Comp. App. Bd. Sept. 21, 2015). This discretion extends to addressing discovery disputes. *Johnson,* 146 S.W.3d at 604. "A trial court abuses its discretion when it causes an injustice by applying an incorrect legal

---

[4] Employer did not list the denial of its motion for relief in the notice of appeal or argue the motion was erroneously denied in its brief. Accordingly, we treat the issue as having been waived by Employer. *See Moore & Seiferth v. Ingles Markets, Inc.*, No. 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 54, at *4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015).

standard, reaching an illogical decision, or by resolving the case on a clearly erroneous assessment of the evidence." *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (internal citation and quotation marks omitted).

The court in this case held two status hearings during which Employer indicated it would *voluntarily* provide the "contact information" of the individuals identified during the deposition of Employee's supervisor. Although the record is unclear as to the details of the parties' agreement, the record indicates that Employer initially indicated at the time of the supervisor's deposition it would provide this information upon receipt. As such, the record supports a finding that a request for discovery was made, and Employer indicated it would provide the requested information. Thus, there is no doubt that Employer was aware the provision of this information was an ongoing issue impacting the progress of this case and likely to be discussed at the scheduled status conference. Furthermore, it is Employer who filed a motion for relief from the previous order to provide the contact information. Claimant filed a response to that motion within five days indicating she opposed the motion. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(b). Pursuant to its authority to control the pace of the litigation, the court chose to address the pending motion at the hearing. *Id*. at -.18(2)(a). Given the totality of the circumstances, we discern no abuse of discretion in the trial court's decision to hear the pending motion at the time of the status conference.[5]

*Order for Information*

Employer next argues the court did not have the authority to order it to provide the personal contact information of its employees in a status hearing order. First, Employer contends the order did not comply with Tenn. Comp. R. and Regs. 0800-02-21-.17(5)(a)-(c), which states:

> In the event of a discovery dispute, either party may file a motion at any time after a petition for benefit determination is filed. All discovery-related motions will be decided on the written materials unless the judge determines that argument is needed. Affidavits may be provided in support of any motion or response; live testimony is prohibited. Any motion to compel discovery, motion to quash, motion for protective order, or other discovery-related motion must:

---

[5] During oral argument, Employer argued that having the hearing without "notice" prevented Employer from having witnesses available to testify and/or having affidavits prepared. However, the motion for relief itself does not indicate any further information is forthcoming, and the trial court could have ruled on the motion with or without a hearing. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(a). Furthermore, Employer's counsel acknowledged he did not object at the time to having the motion heard during the status conference. Under these circumstances, we find Employer's argument to be without merit.

(a) Quote verbatim the interrogatory, request, question, or subpoena at issue or be accompanied by a copy of the interrogatory, request, subpoena, or excerpt of a deposition that shows the question and objection or response if applicable. If the entire set of discovery requests were unanswered, the moving party need not file the entire set with its motion;

(b) State the reason or reasons supporting the motion; and

(c) Include a statement certifying that the moving party or his or her counsel made a good[-]faith effort to resolve by agreement the issues in the motion and an agreement was not achieved. The statement must detail the efforts to resolve the dispute.

Employer asserts that none of the requirements of the regulation were met, in that there is no statement in the record identifying the exact information being sought and no affidavit filed by Claimant or her counsel certifying a good faith effort to resolve any discovery issues. For her part, Claimant submits that there was never a discovery dispute, as Employer had at all relevant times *agreed* to provide the requested information and that, as such, she had no need to file a formal discovery request or a motion to compel. We agree. Although the record is limited on this issue, and it is difficult for us to determine the exact information being sought, we can find no evidence in the record of an actual discovery dispute.[6] The regulation states that if there is a discovery dispute, either party may file a motion. As such, even if there had been a discovery dispute, there is no obligation to file a motion to compel; the parties *may* do so if they choose. In short, we conclude that the absence of a formal written discovery request or a motion to compel does not prevent a trial court from addressing the status of discovery during a status hearing or issuing an order for discovery following such a hearing.

We next turn to Employer's objections that the information sought is not discoverable or reasonably calculated to lead to the discovery of relevant information. Employer argues Claimant has not proven that the information sought is relevant or that obtaining the information would not infringe on the privacy rights of non-party witnesses. For her part, Claimant states that she is investigating Employer's willful misconduct defense and needs to be able to speak with the people identified during the supervisor's deposition. She states that merely having an AT&T email address for service of deposition

---

[6] At no point in the record or during oral arguments did the parties clarify precisely what information was being sought, e.g., personal home telephone numbers of the identified employees, personal cell phone numbers, personal email addresses, work email addresses, direct dial work numbers, home addresses, etc. However, both attorneys at oral argument stated that there was not a "discovery dispute" in this case, and, when questioned, counsel for Employer confirmed that he understood the nature of the information being sought by Claimant's counsel.

subpoenas for these individuals is insufficient, as she would like to speak with them to determine the nature of the information they possess and assess whether depositions will be necessary and/or helpful to her case.

From our review of the record, it does not appear that Employer previously argued that the contact information for the witnesses identified in the supervisor's deposition is protected from discovery. In fact, based on the record, Employer agreed on multiple occasions to provide this information. As we have noted previously,

> It is well-established that, apart from limited exceptions not applicable here, issues not presented to and decided by the trial court will not be considered by appellate courts. This rule has been described as a "cardinal principle of appellate practice." Consequently, when a party fails to raise an issue in the trial court, the party waives its right to raise that issue on appeal. The rationale for the rule is that the trial court should not be held in error when it was not given the opportunity to rule on the issue or the argument being advanced on appeal. If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below. To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived.

*Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (internal citations omitted).

According to the status hearing order of March 14, Employer was working to obtain the contact information, suggesting it would provide the information voluntarily upon receipt. Employer was ordered to provide the information by March 31. There is no indication in the order that Employer raised any objection at the hearing, and Employer did not appeal the order. Moreover, although Employer subsequently filed a motion seeking relief from the previous order, nowhere in the motion does Employer contest providing the information or indicate the information is somehow not discoverable. Furthermore, Employer did not file a motion for a protective order at any time. Given Employer's apparent agreement to provide the information and ongoing orders compelling it to provide the information without objection, we conclude Employer did not adequately raise this issue in the trial court to permit appellate review of the order to provide the requested information.

7

*Claimant's Access to Coworkers*

Finally, Employer argues it has the right to have its legal counsel present when Claimant's counsel interviews the previously identified coworkers. It argues in its brief the coworkers are agents of Employer and as such, its legal representation extends to them. Claimant contends, on the other hand, that the individuals are all coworkers, not supervisors, management, or otherwise agents of Employer and, therefore, Employer is not entitled to have its counsel present. Based on our review of the record, arguments of counsel, and relevant precedent, we agree with Claimant.

Throughout the record, the potential witnesses are referred to as coworkers, not managers, directors, supervisors, or agents of Employer. In their respective briefs on appeal, both parties refer to the requested individuals as employees. Claimant's response to the motion for relief specifically states that these individuals are employees and not members of management or Employer's agents. Finally, counsel for Employer conceded at oral arguments that the potential witnesses are not members of Employer's management. Non-management employees have long been considered witnesses available for interview by opposing counsel, with or without the consent of the attorney for the company. *See* Tenn. Bd. of Prof. Resp., Formal Op. 83-F-46 (1983); *see also Monceret v. Board of Prof'l Resp.*, 29 S.W.3d 455, 460 n.4 (Tenn. 2000) (allowing an attorney to interview a non-management employee without the consent of counsel for a corporation that is the named defendant to a lawsuit). In short, there is no rule allowing counsel for Employer to be present while Claimant's counsel conducts interviews of non-managerial employees of Employer. We find no abuse of discretion in the court's order in this regard.

*Compliance With the April 3 Order*

In its April 3 order, the trial court determined Employer did not comply with its previous order to provide the contact information of these witnesses. It further ordered that the information be provided "by the close of business" on that day. Although we have concluded the trial court did not abuse its discretion, we acknowledge that the second deadline was impracticable given Employer's statutory right to appeal the trial court's order. As such, we modify the order to require Employer to provide contact information for the identified individuals within five business days of the entry of this opinion.[7] Failure to do so may subject Employer to whatever penalties and sanctions as may be allowable under any applicable statute, rule, or regulation.

---

[7] Given that neither the parties nor the trial court have defined the term "contact information" as reflected in the record on appeal, we direct Employer to provide whatever contact information is reasonably calculated to allow Claimant's counsel to make direct contact with the identified individuals without the involvement of Employer.

*Frivolous Appeal*

Claimant avers as an issue in her brief that this appeal should be dismissed as frivolous. As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). In this particular case, we do not think the appeal was filed for delay or had no reasonable chance of success, and as such, we do not find this appeal to be frivolous.

**Conclusion**

For the foregoing reasons, we affirm in part and modify in part the court's order and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Daniel George Semich, Decedent,<br>by Dixie Semich, Surviving Spouse | ) ) ) | Docket No. 2021-06-0997 |
| | ) | State File No. 33804-2021 |
| v. | ) ) | |
| AT&T Services, Inc., et al. | ) ) ) | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Kenneth M. Switzer, Chief Judge | ) ) ) | Heard June 8, 2023<br>in Nashville, Tennessee |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 28th day of June, 2023.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| W. Troy Hart<br>Adam C. Brock-Dagnan | | | | X | wth@mijs.com<br>acbrock-dagnan@mijs.com<br>majones@mijs.com |
| Jill Draughon | | | | X | jdraughon@hughesandcoleman.com<br>sconner@hughesandcoleman.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

<br>

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov